[Civ. No. 27230.   Second Dist., Div. Four.   Nov. 20, 1963.]

ENRIQUE GULKE et al., Plaintiffs and Appellants, v. LAURA LYONS BROCK, Defendant and Respondent.

J.B. Mandel and Robert A. Ortiz for Plaintiffs and Appellants.

White & Stewart and John A. White for Defendant and Respondent.

BURKE, P.J.—Plaintiffs purchased real property from defendant, consisting of a five-unit apartment with a single-family residence in the rear, for the sum of $33,000. The apartments had been constructed as a three-unit improvement which defendant subsequently converted to a five-apartment combination without proper permission from the appropriate city authorities.

Plaintiffs assert fraud on the part of defendant seller for not disclosing that two of the five units did not conform to city building requirements, nor could the two units which were added qualify for construction because of insufficient automobile parking area on the property. The court found fraud in such nondisclosure, based upon substantial evidence, but gave judgment for defendant because no damages were shown to have resulted. Plaintiffs appeal from the judgment. The gravamen of the appeal is the failure of the court to award damages notwithstanding the fraud found.

■ Plaintiffs' appraiser testified that as a five-unit apartment the property was worth $33,000, the price paid, but that if reconverted to three units the value would be $26,000. Defendant's appraiser, on the other hand, contended the reconversion of the property would not reduce its value below $33,000. The court resolved this conflict against plaintiffs and found there was no damage shown.

■ Plaintiffs argue that considerable expense must be entailed in the reconversion of the apartments to three units in order to comply with the law; thus, plaintiffs have sustained damage at least to the extent of conversion costs. However, the record is devoid of competent testimony upon which the court could have determined the costs of such conversion. ■ The "out-of-pocket-loss" rule, codified in section 3343 of the Civil Code, and enunciated in *Bagdasarian* v. *Gragnon,* 31 Cal. 2d 744 [192 P.2d 935], is controlling here. Under the rule no damage is suffered if there is no difference between the purchase price and the market value of the property purchased.

■ Plaintiffs assert there will be a diminution in rental income as a result of conversion. This issue was controverted in the evidence. Such considerations were included in the appraisals offered and are concluded by the trial court's findings.

Had plaintiffs been unhappy with their purchase because of the fraud the way was open to them to rescind the transaction. They did not seek to do so but rather to sue for

damages. The trial court's factual determination, based upon substantial evidence, is binding upon us on appeal.

The judgment is affirmed.

Jefferson, J., and Kingsley, J., concurred.

A petition for a rehearing was denied December 19, 1963, and appellants' petition for a hearing by the Supreme Court was denied January 7, 1964.